IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

SANDRA MARIE SANDERS,  }
    Plaintiff,  }
                                  }    CIVIL ACTION NO.
vs.  }
                                  }    CV-97-AR-0639-M
MID-SOUTH ELECTRICS, INC.,  }
    Defendant.  }



97 APR 21 PM 1:57

U.S. DISTRICT COURT
N.D. OF ALABAMA

## MEMORANDUM OPINION

The court has before it defendant's motion to dismiss the above-entitled matter. Said motion was briefed by the parties and oral argument was heard at this court's April 18, 1997 motion docket. For the reasons articulated below, said motion is granted in part and denied in part. As a house-keeping matter, the name of defendant "Mid-South Electric" shall be changed to "Mid-South Electrics, Inc." in the style of the case to reflect the proper defendant to this litigation. Plaintiff made no objection to such change.

Defendant asks plaintiff to make a more definite statement regarding her Title VII claim. Such an amendment is unnecessary given the general pleading requirements of Rule 8 F.R.Civ.P.

Defendant further asserts that plaintiff's state law claims for fraud, fraudulent misrepresentation and suppression should be dismissed according to the Alabama Supreme Court's decision in

*Salter v. Alfa Ins. Co.*, 561 So. 2d 1050 (Ala. 1990). Plaintiff's complaint alleges that she was terminated after she "justifiably relied" upon statements by an "agent" of her employer that plaintiff could attend certain, unspecified court proceedings and that said attendance would not negatively affect plaintiff's employment. (Pl. Complaint at ¶ 24). In *Salter*, the Alabama Supreme Court found that Alabama's employment-at-will doctrine precludes a state fraud claim, where the injury suffered by plaintiff was being terminated from her position. *Salter*, at 1053-54 (Ala. 1990).

> The undisputed evidence in the present case shows that Salter suffered no injury as a result of any representation that may have been made by a representative of Alfa. Salter had an employment contract that was terminable by Alfa at any time and for any, or no, reason. <u>Even assuming that Salter proved that Alfa, through one of its representative, had intentionally or recklessly misrepresented to her that she did not have to participate at all in the investigation of the W.B. claim; that she had acted upon that misrepresentation; and that Alfa based the termination of her contract on her failure to cooperate in the investigation, the fraud claim would still fail</u>. Although we could never sanction the kind of treatment that Salter is alleged to have received from Alfa in this case, Alfa had the right under the employee-at-will doctrine to terminate Salter's contract, even if it did so maliciously or for some other improper reason.

*Id.* at 1054 (emphasis added). The facts of *Salter* fit the squarely with facts of the present case. An alleged misrepresentation was made regarding conditions of existing employment, plaintiff relied and was fired. Accordingly, Counts II and III of plaintiff's complaint will be dismissed.

2

Plaintiff contends that the representation by defendant's agent created a separate, supplemental contract upon which her fraud claims can stand. Plaintiff cites *Forbus v. Sears Roebuck & Co*, 938 F.2d 1036, 1041-42 (11th Cir. 1992), and *Smith v. Reynolds Metals Co.*, 497 So. 2d 93, 95-96 (Ala. 1996), for this proposition. In *Forbus*, the Eleventh Circuit, relying on the Alabama Supreme Court's decision in *Smith*, found that a promise by an employer to provide enhanced severance benefits in return for a former-employee's agreement to execute certain releases and waivers constituted a supplemental contract upon which plaintiffs could base their fraud claims. *Forbus*, 938 F.2d at 1042. However, that same court recognized that "[h]ad Sears fired them, they would have no cause of action for either breach of contract or fraud as a result of the <u>termination of the employment relationship</u>." *Id*.

In the present action, the only damage alleged was the termination of the employment relationship, not any supplemental or separate damage. Because the facts surrounding plaintiff's fraud claims fall squarely within the rationale and fact parameters of *Salter*, Counts II and III of plaintiff's action will be dismissed.

DONE this 21st day of April, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT

3